IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 02-cv-1533-PSF-BNB

JOHN A. DeGRADO,

    Plaintiff,

v.

JEFFERSON PILOT FINANCIAL INSURANCE COMPANY, a Nebraska corporation,

    Defendant.

## ORDER ON PENDING MOTIONS

This matter comes before the Court pursuant to defendant's Motion to Vacate Stay Order and Approve Release of Supersedeas Bond (Dkt # 168) and Defendant's Motion for Relief from Order on Plaintiff's Motion for Attorneys' Fees (Dkt. # 169), both filed on October 5, 2005. Plaintiff filed his combined response to both motions on November 7, 2006 (Dkt. # 174). Defendant file a combined reply on November 20, 2006 (Dkt. # 175). The matter is ripe for determination.

**BACKGROUND**

These motions were filed following the decision by the Court of Appeals for the Tenth Circuit issued June 28, 2006, in which the panel reversed in part the determination of this Court on plaintiff's claim under ERISA, and directed this Court to "remand the case to [Defendant] Jefferson for further proceedings consistent with this opinion." *DeGrado v. Jefferson Pilot Financial Ins. Co.*, 451 F.3d 1161, 1176 (10th Cir. 2006). The mandate of the Tenth Circuit was issued on August 29, 2006 and on

September 1, 2006, pursuant to the direction of the Tenth Circuit, this case was remanded to Defendant Jefferson Pilot for further proceedings consistent with the opinion of the Tenth Circuit.  The instant motions were filed thereafter.

On May 17, 2005 judgment was entered in this case in favor of plaintiff in the amount of $328,020.62, plus prejudgment interest at the rate of 8% (Dkt. # 138).  On June 17, 2005, the Court granted defendant's motion to stay execution of judgment until the Court of Appeals issues its mandate on the appeal, which appeal had been filed by defendant on June 15, 2005, and allowed the supersedeas bond tendered by defendant to which the plaintiff assented (Dkt. # 150).  Subsequently, by Order entered on June 29, 2005, this Court awarded attorneys' fees to plaintiff in the amount of $141,053.75. (Dkt. # 155).  It is not clear whether this Court's award of attorneys' fees was appealed to the Tenth Circuit.

Defendant now requests release of the supesedeas bond (Dkt. # 168).  Plaintiff opposes release of the supersedeas bond, arguing that he remains entitled to attorneys' fees and costs as a partially prevailing party,  and that the bond should remain in place to secure such fees and costs (Dkt. # 174 at 4, 7).  Accordingly, defendant also moves the Court to vacate the award of attorneys' fees (Dkt. # 169).  For the reasons set forth below, the Court agrees with defendant that the award of attorneys' fees should be vacated and the supersedeas bond should be released.

**ANALYSIS**

This Court finds no language in the panel decision addressing the award of attorneys' fees, unlike the case cited by defendant, *Pitman v. Blue Cross & Blue Shield*

*of Okla.*, 217 F.3d 1291, 1299 (10th Cir. 2000), an ERISA case in which the court specifically stated "we believe it is necessary to remand the issue to the district court and have it review again the appropriateness of awarding attorney's fees to Pitman in light of our decision to reverse in part and affirm in part". Moreover, plaintiff may well be correct that a party that partially prevails on his claims under ERISA may be entitled to an award of attorneys' fees (Plaintiff's Response at 4-5).

But even so, in determining the amount of any fees and costs to be awarded, this Court would have to apply the five factors set forth in *Gordon v. United States Steel Corp.*, 724 F.2d 106, 109 (10th Cir. 1983), as plaintiff recognizes. Although application of some of those factors in an award of attorneys' fees to plaintiff may be unaffected by the Court of Appeals decision and any determinations on remand, other factors such as defendant's culpability and the relative merits of the parties' positions may well be modified after the remand process is complete. Until the results of this case are final this Court cannot determine those factors. Accordingly, this Court's order awarding attorneys' fees to plaintiff is vacated, subject to be being reinstated in whole or in part, upon completion by Jefferson Pilot of the remanded further proceedings.

Because the award of attorneys' fees is vacated, as is the remainder of this Court's judgment pursuant to the direction of the Tenth Circuit, there is no basis for requiring defendant to post a supersedeas bond. Thus, the motion to stay is vacated and the Clerk of the Court is directed to release the supersedeas bond.

**CONCLUSION**

Defendant's Motion to Vacate the Stay Order and Approve Release of Supersedeas Bond (Dkt. # 168) is GRANTED.

Defendant's Motion for Relief from Order on Plaintiff's Motion for Attorneys' Fees (Dkt. # 169) is GRANTED.

The Clerk of the Court is directed to release to Defendant Jefferson Pilot Financial Insurance Company the supersedeas bond posted by defendant on or about June 17, 2005.

DATED: January 31, 2007                    BY THE COURT:

*s/ Phillip S. Figa*

_____
Phillip S. Figa
United States District Judge