IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Case No. 02-cv-01533-WYD-BNB

JOHN A. DeGRADO,

    Plaintiff,

v.

JEFFERSON PILOT FINANCIAL INSURANCE COMPANY,
a Nebraska Corporation,

    Defendant.

---

**ORDER**

---

I.    <u>INTRODUCTION</u>

THIS MATTER comes before the Court on three post-judgment motions: Plaintiff's Motion and Brief in Support of an Award of Prejudgment Interest filed February 17, 2009, Plaintiff's Motion for Review of Clerk's Cost Award filed March 18, 2009, and Defendant Jefferson Pilot's Motion for Review of Clerk's Cost Award filed March 18, 2009.

By way of background, on February 5, 2009, I issued a Final Order on Review of Administrative Record ("Order") finding that Defendant's determination that Plaintiff's claim was a "recurrent," as opposed to a "new," period of disability because he did not return to work on a full time basis for six months or more between his two periods of disability was not supported by substantial evidence and therefore arbitrary and capricious. Accordingly, I ordered Defendant to recalculate the benefits owed to Plaintiff

as a new period of disability and to pay Plaintiff accordingly going forward and to calculate and pay past due benefits. I also ordered that Plaintiff could file a motion on whether interest should be awarded.

On February 17, 2009, Plaintiff filed his motion seeking an award of prejudgment interest. On the same date, Plaintiff filed his Proposed Bill of Costs in the amount of $23,517.59. On March 11, 2009, the Clerk of Court taxed costs in the amount of $3,270.82. Both parties filed motions requesting review of the costs taxed by the Clerk of Court.

II.     ANALYSIS

   A.     Motion for Prejudgment Interest

I first address Plaintiff's motion for prejudgment interest. Plaintiff requests that prejudgment interest be awarded running from the date that each monthly benefit payment was due, commencing on February 26, 2001. Plaintiff further asserts that the rate of interest in Colorado on wrongfully withheld monies as to which there was no agreed upon rate of interest is 8% compounded annually commencing from the "date of wrongful holding . . . to the date judgment is entered." C.R.S. § 5-12-102(1)(b). Further, he notes that Judge Figa's Final Order on Review of Administrative Record in this case determined that a prejudgment interest award pursuant to this statute on past due benefits was proper. Accordingly to Plaintiff's calculation of interest under this statute, total prejudgment interest equals $177,823.35. Plaintiff concludes that this amount comports with Colorado law and, as a matter of equity, is necessary to compensate Plaintiff for his lost earnings.

Defendant filed a response to the motion on March 3, 2009.  Defendant argues that should the Court decide to award prejudgment interest, which is in its discretion, it should do so at the federal statutory interest rate in 28 U.S.C. § 1961.  According to Defendant, this rate was 4.69 percent as of February 26, 2001.  Defendant asserts that other circuit courts have pointed out that the § 1961 rate is an objective measure of the value of money over time and is a closer approximation of the likely return on Plaintiffs unpaid benefits.  Further, Defendant asserts that this rate more closely reflects the goals of uniformity ERISA was enacted to encourage.  Accordingly, Defendant argues that the § 1961 rate is more equitable than the Colorado state statutory rate.

Turning to my analysis, trial courts have discretion to award prejudgment interest on benefit amounts wrongfully withheld by an ERISA administrator.  *Weber v. GE Group Life Ins. Co.*, 541 F.3d 1002, 1016 (10th Cir. 2008).  "This is because ERISA permits a participant to seek 'appropriate equitable relief.'"  *Id.* (quoting 29 U.S.C. § 1132(a)(3)(B)).  "Prejudgment interest is appropriate when its award serves to compensate the injured party and its award is otherwise equitable."  *Allison v. Bank-One Denver*, 289 F.3d 1223, 1243 (10th Cir. 2002).

In this case, I find that Defendant has wrongfully withheld benefit amounts to Plaintiff for a substantial period of time and that Plaintiff will not be adequately compensated without an award of prejudgment interest.  *See Mein v. Pool Co. Disabled Intern. Employee Long Term Disability Benefit Plan, Pool Co., Inc.*, 989 F. Supp. 1337, 1352 (D. Colo. 1998) ("a person wrongfully denied the use of ERISA plan money is not made whole without the award of interest"). I further find that prejudgment interest

should be awarded running from the date that each monthly benefit payment was due, commencing on February 26, 2001. *See Caldwell v. Life Ins. Co. of N. Am*, 287 F.3d 1276, 1287 (10th Cir. 2002) (award of prejudgment interest appropriate from the date the benefits were due).

I now must determine the rate at which prejudgment interest should be calculated. "Calculation of the rate for prejudgment interest also 'rests firmly within the sound discretion of the trial court.'" *Weber*, 541 F.3d at 1016 (quoting *Caldwell*, 287 F.3d at 1287). Judge Figa previously awarded prejudgment interest at the rate of 8% pursuant to C.R.S. § 5-12-102(1)(b) as requested by Plaintiff. *See DeGrado v. Jefferson Pilot Fin. Ins. Co.*, 367 F. Supp. 2d 1315, 1328 (D. Colo. 2005). However, he did not state why he applied the rate in the Colorado statute as compared to the rate in 28 U.S.C. § 1961.

Turning to my analysis, the Tenth Circuit in *Weber* noted that courts commonly look to state statutory prejudgment interest provisions as guidelines for a reasonable rate. *Id.*, 541 F.3d at 1016. Indeed, *Weber* upheld the district court's award of prejudgment interest at the rate of 15% per annum under Oklahoma law. *Id.*; *see also Allison*, 289 F.3d at 1244 (holding that "district court did not abuse its discretion in awarding prejudgment interest at the Colorado statutory rate of 8 percent"). Further, the Tenth Circuit in *Caldwell* rejected the argument that 28 U.S.C. § 1961(a) rate should be applied in the context of an ERISA claim for prejudgment interest. *Caldwell*, 287 F.3d at 1287-88.

I agree with Judge Figa that the rate of prejudgment interest should be calculated at the rate of 8% as set out in the Colorado statute. As the Tenth Circuit noted in *Caldwell*, 28 U.S.C. § 1961 applies to post-judgment interest, and "[m]any circuits have held that courts are not required to use section 1961 in calculating prejudgment interest. . . . " *Id.* at 1287. While I recognize that there are cases from other Circuits that have applied the rate set out in section 1961 to prejudgment interest in ERISA cases, I believe that the rate stated in the Colorado statute for monies "wrongfully withheld" more adequately compensates Plaintiff for the benefits amounts that were withheld. Accordingly, prejudgment interest is awarded at the rate of 8% compounded annually running from the date that each monthly benefit payment was due, and commencing on February 26, 2001. As noted above, Plaintiff asserts that the amount of prejudgment interest calculated through February 6, 2009 equals $177,823.35.

    B.    <u>Motions for Review of Bill of Costs</u>

        1.    <u>Plaintiff's Motion for Review of Clerk's Cost Award</u>

Plaintiff asks the Court to review the Clerk's award of costs and exercise its discretion to award him additional costs in this matter. Specifically, Plaintiff asks that the Court award Plaintiff additional copying costs, as Plaintiff was awarded a total of only $131.82 of the $5,282.22 in copy costs he incurred in conjunction with this matter. Plaintiff also asks that he be awarded additional fees and disbursements of $664.61 for the printing of large format exhibits necessarily obtained for use in the Plaintiff's January 9, 2009 oral argument in front of this Court. For the reasons stated below, I grant Plaintiff's motion for review and award certain additional costs.

I first address the copy costs. Plaintiff notes that he was awarded only the copy costs associated with two copies of his response to Defendant's 2004 Motion for Summary Judgment, one copy of Plaintiff's 2008 Motion for Summary Judgment, one copy of Plaintiff's Reply in support thereof, and one copy of Plaintiff's Response to Defendant's 2008 Motion for Summary Judgment. Plaintiff submits that all copy costs expended in conjunction with this matter were reasonable and necessary, given the voluminous pleadings in this case and the fact that the case spanned nearly seven years. At the very least, Plaintiff asks that, as the prevailing party, he be awarded additional copy costs for the following: Plaintiff's original summation brief filed in 2004 (Dkt. # 122) with attachments (309 pages @ .12¢ x 2 copies=$74.16); Plaintiff's associated Motion to Supplement (Dkt. # 125) with attachments (22 pages @ .12¢ x 2 copies = $5.28); Plaintiff/Appellee's Answer Brief in connection with Defendant's Appeal and the addenda thereto (403 pages @ .12¢ x 2 copies = $96.72); Plaintiff's Motion for Expedited Declaration of Scope of Remand (Dkt. 178) along with his Reply (Dkt. 186) and attachments (68 pages @ .12¢ = $8.16).

I will award the costs associated with the specific items requested above, with the exception of the Answer Brief in connection with Defendant's Appeal. I do not find it is appropriate to receive an award of costs in this Court of costs associated with the appeal. The amount of costs associated with the other pleadings that I award is $87.60.

Plaintiff also maintains that the cost of at least two copies of the Administrative Record (a clean copy and a working copy) were necessarily obtained for use in the prosecution of this case. Plaintiff requests an additional $420.72 for the copy cost

associated with two copies of the administrative record (1828 pages @ .12¢ x 2 copies). I find that this award is reasonable and that Plaintiff has shown that the copies were necessarily obtained for use in this case. Accordingly, I will award this amount.

I also find that Plaintiff should be awarded at least a portion of the other copying fees in this matter given the voluminous nature of this case and its long time span. However, I decline to award Plaintiff the full amount of copying costs as I find that he has not shown that all the copies for which he seeks "reimbursement were necessarily obtained for use in this case." *Case v. Unified School Dist. No. 233*, 157 F.3d 1243, 1258 (10th Cir. 1998). Further some of the costs appear to be related to the appeal. I will award Plaintiff an additional $1,000.00 for copying costs. Accordingly, the total amount of additional copying costs awarded is $1,508.32.

I deny Plaintiff's request for reimbursement for copies of Ruth Hagemann's deposition. Plaintiff was already awarded the costs of the deposition by the Deputy Clerk, and I decline to award additional costs in connection with this deposition which the Tenth Circuit ultimately found should not have been considered.

Finally, I grant Plaintiff's request for additional fees and disbursements for printing of large format exhibits for the Court's hearing in the amount of $664.61. I find that these exhibits were necessarily obtained for use in the oral argument before the Court.

    2.  <u>Jefferson Pilot's Motion for Review of Clerk's Cost Award</u>

I now turn to Defendant's motion. Defendant objects to the Clerk's award of certain costs. These costs include the fees for service of the summons and complaint

and the costs incident to the taking of depositions.  For the reasons stated below, I grant Defendant's motion and reduce the amount of fees awarded by the Clerk, although not in the full amount requested by Defendant.

As to the fees for service of the summons and complaint, Defendant argues that Plaintiff failed to produce adequate documentation in connection with its proposed bill of costs demonstrating that these fees were actually incurred in serving the summons and complaint on Jefferson.  Further, Defendant asserts that it has now ascertained that these fees were not incurred in connection with the summons and complaint but were for service of a discovery subpoena on an entity, JHA, Inc., that is not a party to this litigation.  Since no response or objection was filed by Plaintiff, I conclude that the information obtained by Defendant is true and that the $65.00 fee awarded in connection with service of the summons and complaint was improper since it did not relate to service on the Defendant.  Accordingly, that cost is now denied and will not be awarded to Plaintiff.

Defendant also objects to the taxing of costs identified by Plaintiff as "costs incident to the taking of depositions" in the amount of $2,924.00.  These depositions were of Ruth Hagemann, Susan Wharton and Thomas Charest.  Defendant asserts that these costs should not have been awarded because the Tenth Circuit found that the depositions of Hagemann and Wharton were improperly relied by Judge Figa and  and because the charges which comprise the costs were not adequately itemized or documented by Plaintiff.

I find that the depositions costs of Hagemann and Wharton were properly awarded, as they were cited in the summary judgment briefing and used by the court in considering the summary judgment motion (even if the Tenth Circuit later found this was improper). However, I agree with Defendant that these fees were not properly itemized. The only basis for the deposition costs is a lump sum cost of $2,173.00 identified as "02.05.2004 Deposition Transcript, Bobbi Randall." (Doc. 243, page 5 out of 80) This lump sum does not differentiate the costs between the three depositions of Hagemann, Wharton and Charest. Further, I find no basis to award the costs of Thomas Charest, as Plaintiff did not cite to the deposition of Mr. Charest on any issue which he attained success in this litigation.

Even though the documentation did not provide a basis to determine the portion of the $2,173.00 that is attributable to the depositions of Hagemann and Wharton, I will give Plaintiff the benefit of a doubt and divide the full amount by three to account for the three depositions. Plaintiff will then be awarded 2/3 of the full amount, for the two depositions, in the amount of $1448.67. However, Plaintiff will not be awarded the 1/3 amount attributable to Mr. Charest's deposition, amounting to $724.33.

Finally, I find that Plaintiff should not have been awarded the additional $751.00 he received in deposition costs, as there was no documentation of what expenses this pertained to. Based on the foregoing, I reduce the amount of costs awarded for deposition costs from $2,924.00 to $1448.67.

III.     CONCLUSION

In conclusion, it is

ORDERED that Plaintiff's Motion and Brief in Support of an Award of Prejudgment Interest filed February 17, 2009 is **GRANTED**.  Prejudgment interest is awarded to Plaintiff at the rate of 8% compounded annually running from the date that each monthly benefit payment was due, and commencing on February 26, 2001.  It is

FURTHER ORDERED that Plaintiff's Motion for Review of Clerk's Cost Award (Doc. # 255) is **GRANTED** and Plaintiff is awarded an additional $2,172.93 in costs.  Finally, it is

ORDERED that Jefferson Pilot's Motion for Review of Clerk's Cost Award and Supplement thereto (Doc. # 256 and 257) are **GRANTED**.  The $65.00 awarded as fees for service of the summons and complaint is now denied.  Further, the award of deposition costs awarded in the amount of $2,924.00 is reduced to $1448.67.

Dated:  May 1, 2009

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge