IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Case No. 02-cv-01533-WYD-BNB

JOHN A. DeGRADO,

      Plaintiff,

v.

JEFFERSON PILOT FINANCIAL INSURANCE COMPANY, a Nebraska Corporation,

      Defendant.

---

## ORDER

THIS MATTER comes before the Court on Plaintiff's Motion for Order Compelling Discovery [doc. # 284] filed May 7, 2009.  A response to the motion was filed on May 27, 2009, and a reply was filed on June 11, 2009.  For the reasons stated below, Plaintiff's Motion for Order Compelling Discovery is denied.

By way of background, judgment was entered in favor of Plaintiff and against Defendant in this ERISA case on February 6, 2009.  The merits of this action are currently on appeal.  Still pending before the Court is Plaintiff's Motion and Brief in Support of an Award of Attorney Fees and Costs.  Plaintiff asserts in that motion that he is the prevailing party and is entitled to an award of reasonable attorney fees and costs. A two-hour hearing is set on that motion for June 22, 2009, at 3:00 p.m.  I note that while this court is divested of jurisdiction over the merits of the case, I retain jurisdiction over determining the propriety and amount of attorney fees.  *Stewart v. Donges*, 915 F.2d 572, 575 n. 3 (10th Cir. 1990).

Plaintiff's Motion for Order Compelling Discovery seeks an order compelling Defendant to respond to Plaintiff's interrogatories and requests for production of documents that seek information and documentation regarding the attorney fees and costs incurred by Defendant in this matter.  This discovery is sought pursuant to FED. R. CIV. P. 37(a)(3)(B).  Plaintiff asserts that evidence of time incurred by opposing counsel may be helpful in determining whether the time expended on the case by Plaintiff's counsel was reasonable for the purposes of an attorney fee determination.

I find that Plaintiff's motion should be denied.  While this information may be marginally relevant, I do not find it necessary to make an independent determination as to the reasonableness of Plaintiff's fees.  *See Clawson v. Mountain Coal Co., LLC.,* 2007 WL 2175154, at *1 (D. Colo. 2007).  I am very familiar with this case and its extensive history.  The parties have also filed detailed and exhaustive briefs on the issue of Plaintiff's attorney fees and the reasonableness of same, and have attached expert reports and affidavits to assist me in making this determination.  Accordingly, I decline to exercise my discretion to order such discovery.  *See McInnis v. Fairfield Communities, Inc.*, 458 F.3d 1129, 1146-47 (10th Cir. 2006) (district court did not abuse its discretion in denying plaintiff's motion to compel discovery of defendant's attorney fees where court was well aware of defendant's maneuvering and tenacity with which they litigated the case and plaintiff would have an opportunity to reply to defendant's challenge to the reasonableness of fees through an expert report and/or affidavits).

Further, in determining the reasonableness of attorney fees, I must examine the hours expended on each task.  *Case v. Unified School Dist. No. 233*, 157 F.3d 1243,

1249 (10th Cir. 1998).  Plaintiff has not sought discovery of defense counsel's hours billed per specific task.  Without a specific breakdown of the defense fees broken down by specific task, I find that Defendant's billing records would not be particularly useful in determining the reasonableness of the hours expended on tasks for the Plaintiff.

I also note that there appears to be some merit to Defendant's argument that the extent of the discovery sought by Plaintiff would "make this issue a second major lawsuit".  *Clawson*, 2007 WL 2175154, at *1.  Finally, compelling the discovery at this late date would result in a substantial delay of the hearing on Plaintiff's motion for attorney fees and a delay in resolution of the motion.

Based on the foregoing, it is

ORDERED that Plaintiff's Motion for Order Compelling Discovery [doc. # 284] filed May 7, 2009 is **DENIED.**

Dated:  June 12, 2009

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge